**CURTIS H. WOLTHUIS (#07024)**

**CURTIS H. WOLTHUIS, LC**

**1022 W 2200 N**

**Pleasant Grove, UT 84062**

**Telephone: 801.6961.6324**

**Email: Curtis@wolthuislawfirm.com**

**ATTORNEYS FOR PLAINTIFF**


## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | | |
|---|---|---|
| **TRACY PEART** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| **EMI HEALTH a DBA of EDUCATORS MUTUAL** | ) ) | **Case No: _____** |
| **INSURANCE OF UTAH** | ) | **Judge:_____** |
| **AKA EDUCATORS MUTUAL** | ) | |
| **INSURANCE ASSOCIATION** | ) | |
| **CINDY DUNNAVANT,** | ) | |
| Defendants. | | |


**COMPLAINT FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT, DISCRIMINATION, RETALIATION, AND ASSAULT**

**Plaintiff, TRACY PEART**, by and through undersigned counsel, files this Complaint against

Defendants **EMI HEALTH a DBA of EDUCATORS MUTUAL INSURANCE OF UTAH**

**AKA EDUCATORS MUTUAL INSURANCE ASSOCIATION ("EMI")** and CINDY

DUNNAVANT., **Individual** and alleges as follows:

# INTRODUCTION

1.  This is an action for damages and other equitable relief resulting from Defendants' violations of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 et seq., and unlawful discrimination and retaliation, including physical assault, in violation of [Title VII of the Civil Rights Act of 1964, relevant state anti-discrimination statutes, and common law claims].

# JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617, and 28 U.S.C. § 1367.

3.  Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this action occurred in this District, and Defendants conduct business here.

# PARTIES

4.  Plaintiff, Tracy Peart, is an individual residing in Pleasant Grove, UT  and was, at all relevant times, employed by Defendant EMI.

5.  Defendant EMI is a corporation/organization registered in Utah and engaged in business activities in Salt Lake City, Utah.

6.  Defendant Cindy Dunnavant was, at all relevant times, an employee/agent of Defendant **EMI** and acted within the scope of her employment.

# FACTUAL ALLEGATIONS

7.  Plaintiff began employment with Defendant EMI on or around December 4, 2022 as Marketing Manager.

8.  Plaintiff **was** diagnosed with Diverticulitis on our about February of 2023 and informed her supervisor, Cindy Dunnavant of this condition.

9.  Plaintiff had the right to work from home.

10.  Plaintiff's medical condition made it critical that she work from home due to the challenges of her medical condition and she had informed her boss, Cindy Dunnavant of her need to work from home and Cindy indicated that was fine..

11.  Plaintiff informed  EMI multiple times of her condition by texting Cindy Dunnavant and filing paperwork with Max Linder in HR.

12.  Plaintiff was following the orders of her doctor and Dr. Peugh filed paperwork with EMI of the Plaintiff's medical condition and need for surgery on or about April 19, 2024.

13.     On or around  April 15**,** Defendant Cindy Dunnavant, physically assaulted Plaintiff by grabbing her, shaking her and yelling at her,  as part of this retaliatory conduct.

14.  On or around April 19, 2024, Plaintiff requested leave under the Family and Medical Leave Act (FMLA) for surgery for the diverticulitis.

15.  Prior to April 19, 2024 Plaintiff had informed EMI in several text messages sent to Cindy Dunnavant, Plaintiff's immediate supervisor,  on February 14 and February 22 that Plaintiff was in the ER because of the diverticulitis.

16.  Plaintiff spoke to Cindy Dunnavant in person and informed her that she would need surgery.

17.  Plaintiff also informed HR manager Max Lindor of the need for the surgery.

18.  Plaintiff filed the FMLA paperwork with EMI on or before April 19, 2024.

19. Plaintiff visited with her doctor and confirmed with the Dr that they had sent all of the paperwork relating to the surgery to EMI on Friday April 19, 2024.

20. Plaintiff call Max Lindor on Friday April 19, 2024 to confirm that the FMLA paperwork was received by Max Lindor of EMI.

21. Lindor confirmed that he had all the paperwork for the FMLA request.

22. After confirming that EMI had the paperwork, Plaintiff proceeded to inform Lindor that she had been assaulted by her supervisor Cindy Dunnavant on April 15, 2024.

23. Plaintiff continued to work from home due to the medical conditions relating to here diverticulitis.

24. Plaintiff informed Cindy Dunnavant that it was necessary for her to work at home because of the symptoms relating to diverticulitis.

25. Plaintiff's work from home privileges were terminated on April 23, 2024 after she had requested leave under FMLA and after she reported the assault against her to HR.

26. After having multiple doctors appointments, informing her employer over a several week period of the need for this surgery and also being under care of Dr. following Defendant's required procedures and submitting all necessary documentation, EMI terminated Plaintiff's work from home privileges as a retaliation against Plaintiff for reporting the assault.

27. Defendant unlawfully denied Plaintiff's FMLA leave or interfered with Plaintiff's right to take leave and subsequently failed to restore Plaintiff to the same or equivalent position, in violation of the FMLA.

28. During Plaintiff's employment, Plaintiff also experienced discrimination based on age and medical condition and reported the discrimination to Max Lindor HR director on or around April 19, 2024.

29. After exercising rights under the FMLA, Defendant(s) retaliated against Plaintiff who had reported the assault incident and wrongfully denied her FMLA request for leave to have surgery for her diverticulitis.

30. Defendant's actions were intended to punish Plaintiff for exercising FMLA rights and reporting discrimination and were designed to intimidate Plaintiff from pursuing further action.

## COUNT I – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

31. Plaintiff incorporates paragraphs 1-30 by reference.

32. Defendant's conduct in denying Plaintiff's FMLA leave, failing to restore Plaintiff to the same position, and retaliating against Plaintiff for exercising FMLA rights constitute violations of 29 U.S.C. § 2615.

## COUNT II – VIOLATION OF TITLE VII / STATE DISCRIMINATION LAW

33.  Plaintiff incorporates paragraphs 1-30 by reference.

34. Defendant's conduct constitutes unlawful discrimination based on FMLA and is in violation of  Title VII and Utah State Statue prohibiting discrimination.

## COUNT III – RETALIATION (TITLE VII, FMLA, AND STATE LAW)

35. Plaintiff incorporates paragraphs 1-30 by reference.

36. Defendants retaliated against Plaintiff for reporting discrimination and/or for exercising

rights under the FMLA by taking adverse actions, including wrongfully terminating the Plaintiff and physically and verbally assaulting Plaintiff , in violation of Title VII, FMLA, and applicable state law.

## COUNT IV – ASSAULT

37.  Plaintiff incorporates paragraphs 1-30 by reference.

38.  Defendant Cindy Dunnavant physically assaulted Plaintiff by grabbing her by the arm above the elbow and shaking her and screaming at her, causing Plaintiff to reasonably fear for her physical safety.

39.  This assault was traumatic to Plaintiff and left her scared for her safety, her job and inflicted anxiety, stress and fear that magnified her medical condition of diverticulitis.

40.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer lost wages, physical injuries, emotional distress, and other compensatory damages.

41.  Plaintiff seeks all remedies available under the FMLA, Title VII, state law, and common law, including but not limited to back pay, front pay,  compensatory damages, punitive damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

    1.  A declaratory judgment that Defendants' actions violated the FMLA, Title VII, state law, and common law;

2. Compensation for all wages, benefits, and all other damages lost due to Defendants' conduct;

3. Compensatory and punitive damages for emotional distress, physical injuries, and other harm in an amount to be determined at trial;

4. Liquidated damages as permitted under the FMLA and/or applicable law;

5. Reinstatement, or alternatively, front pay where reinstatement is not feasible;

6. Attorneys' fees, expenses, and costs;

7. Any and all other and further relief and damages as the Jury and/or the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**DATED: ___1/13/25_____**

**Respectfully Submitted,**

**Attorney for Plaintiff**

/s/ Curtis H. Wolthuis

Curtis H. Wolthuis, LC

curtis@wolthuislawfirm.com

801.661.6324